**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NANA AMOAH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **NO. 4:14-40181-TSH** |
| ) | |
| DENNIS MCKINNEY and ) | |
| SMITH TRANSPORT ) | |
| ) | |
| Defendants. ) | |
| ) | |

**April 27, 2016**

**MEMORANDUM AND ORDER**

Hennessy, M.J.

The Honorable Timothy S. Hillman has referred to me three discovery motions: two brought by defendants Dennis McKinney ("McKinney") and Smith Transport (collectively, "defendants") (Docket # 41, 43), and one brought by plaintiff Nana Amoah (Docket #46). See Docket # 51. For the reasons stated below, defendants' motions # 41 and # 43 are allowed in part and denied in part, and plaintiff's motion is denied without prejudice.

Introduction

This case arises from an automobile accident occurring on October 17, 2014. See Docket # 5 at p. 7. Each party contends the other is responsible for the accident. See generally id.; Docket # 4. By their motions (which plaintiff has not opposed), defendants seek discovery concerning plaintiff's alleged lost wages and earning capacity, his cell phone records from the date of the

accident, and medical bills and records (Docket # 41),[1] as well as further responses to defendants' requests to admit (Docket # 43).  Plaintiff's motion (which defendants have opposed) seeks further testimony from a Smith Transport corporate defendant, McKinney's personnel file and medical information, and metadata concerning the condition of defendants' vehicle.

Legal Standard

The scope of discovery generally extends to:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b).[2]  As explained in In re New England Compounding Pharmacy, Inc. Products Liab. Litig., No. 13 MDL 2419, 2013 WL 6058483 (D. Mass. Nov. 13, 2013),

> Rule 26(b)(1) generally permits liberal discovery of relevant information.  As the Supreme Court has instructed, because discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  There are limits, however, on the scope of discovery.  A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample

---

[1] Alternatively, defendants seek to preclude evidence of lost wages or earning capacity and any untimely produced medical bills or records.

[2] The citation is to Federal Rule of Civil Procedure 26(b) as amended on December 1, 2015.  The Supreme Court has ordered that "the revised rules 'shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Wertz v. GEA Heat Exchangers Inc., No. 14 Civ. 1991, 2015 WL 8959408, at *2 n.1 (M.D. Pa. Dec. 16, 2015) (quoting Letter of Transmittal to Congress, April 29, 2015).  I see no reason why the amended version of Rule 26(b) should not be applied here.

> opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues.

Id. at *3-4 (internal citations and quotation marks omitted).

### Defendants' Motion # 41

Defendants seek discovery relating to three categories of information: medical records, past and future economic losses, and cell phone records. I will address each category in turn.

### Medical Records

Defendants have sought (1) the names of each doctor who treated plaintiff for injuries suffered in this accident (Interrogatory # 8); (2) information about plaintiff's pre-existing injuries (Interrogatory # 10); and (3) all medical records from the ten-year period prior to, and the period following, the subject accident (Document Request # 7). In response to Interrogatory # 8, plaintiff has provided the names of thirteen physicians who treated him in connection with this accident. See Docket # 41-4 ¶ 8. Defendants nonetheless contend that due to plaintiff's "lack of production to date with respect to the other categories of documents," the court should formally order plaintiff to continually supplement his production of medical records and bills. As support, they note that when plaintiff was asked if there were any doctors with whom he treated for this accident that were not listed in his interrogatory responses, he stated "Maybe Dr. Lasser is my primary care doctor." See Docket # 41 at p. 6 n.7.

The court in Glenwood Farms, Inc. v. Ivey, 228 F.R.D. 47 (D. Me. 2005) encountered a similar request. In language equally applicable here, it wrote:

> Parties have a continuing obligation to supplement their responses to discovery requests as new information becomes available and circumstances change. There is no need for the court to order a party

3

> to meet this obligation. The rules of civil procedure and applicable case law provide adequate remedies for the failure of a party to do so.

Id. at 52. I, too, find an order directing plaintiff to comply with his discovery obligations to be unnecessary. See, e.g., W. v. Bell Helicopter Textron, Inc., 803 F.3d 56, 71 (1st Cir. 2015) ("[W]e reiterate that a party is under a continuing obligation to supplement its response to an interrogatory or request for production of documents should it 'learn[ ] that in some material respect the disclosure or response is incomplete or incorrect, and if that additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'") (quoting Fed. R. Civ. P. 26(e)(1)(A)). Accordingly, the portion of defendants' motion concerning Interrogatory # 8 is denied.

Defendants' request for materials pertaining to plaintiff's pre-existing injuries is well-founded. Such information, to the extent it overlaps with injuries allegedly sustained in this accident, is "patently material." Hull v. Municipality of San Juan, 356 F.3d 98, 100 (1st Cir. 2004); see also Pollock v. State Farm Mut. Auto. Ins. Co., No. 11 Civ. 581, 2013 WL 1150734, at *5 (S.D. Ohio Mar. 19, 2013) ("Discovery of such information [*i.e.* concerning pre-incident injuries similar to those allegedly arising from incident] is typically permitted in any case where medical causation is contested . . . ."). Plaintiff's response—that expert disclosures will be provided—is a non-starter; no expert discovery is needed for plaintiff to supply this information. Plaintiff therefore is directed to supplement his response to Interrogatory # 10 no later than May 13, 2016.

Finally, defendants seek plaintiff's medical records concerning treatment "for any accident, illness or disease within a ten-year [sic] prior to, and at any time after, the incident." See Docket # 41-5 at p. 2. Defendants are correct that plaintiff's response (*i.e.* that he has no such documents

in his possession, custody, or control) is insufficient. As recently explained by Quinones v. Univ. of Puerto Rico, No. 14 Civ. 1331, 2015 WL 3604152 (D.P.R. June 8, 2015),

> [o]ne prevalent interpretation [of Fed. R. Civ. P. 26(a)(1)(A)(ii)] is that documents are deemed to be within the possession, custody, or control of a party . . . if the party has actual possession, custody, or control of the materials *or* has the legal right to obtain the documents on demand. The term "control" includes the legal right of the producing party to obtain documents from other sources upon demand. Applied in the context of an individual's medical records, the patient is deemed to be in "control" of such records because he may request the files at any time, and because, by either granting or denying consent, he may determine who shall have access to them.

Id. at *5 n.4 (citing and quoting cases) (internal citations and quotation marks omitted).

With that said, defendants' request is overbroad. Fed. R. Civ. P. 26(b)(1) circumscribes the scope of discovery, in part, as extending to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A request for records touching upon "*any* accident, illness or disease" falls outside this category of information. See, e.g., Rua v. Glodis, No. 10 Civ. 40251, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011) ("There is no doubt that at least some of the medical records defendants request are within the scope of discovery under Rule 26. . . . That said, defendants request other information that is related to the injuries alleged in this case only marginally, if at all. . . . For these reasons, the motion of defendant Somers to compel plaintiff to produce records will be granted with respect to plaintiff's medical records and bills relating to the injuries alleged in this case . . . ."). Accordingly, the portion of defendants' motion concerning Document Request #7 as presently worded is denied; however, plaintiff is directed to provide the materials requested therein, to the extent they concern the same organs, limbs or parts of plaintiff's body allegedly injured as a result of the subject accident, no later than May 13, 2016.[3]

---

[3] In the alternative, plaintiff may provide authorizations permitting defendants to obtain these materials.

5

Telephone Records

Defendants have requested "[a]ll documents pertaining to [plaintiff's] telephone use, including cellphone or smartphone use, on the date of the incident." Document Request # 18. Initially, such materials plainly are within the proper scope of discovery; it goes without saying that the question of whether plaintiff was using his cell at the time of the accident is "relevant to [defendants'] defense and proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1); see also O'Brien v. Am. Med. Response of Massachusetts, Inc., 31 Mass. L. Rptr. 495 (Mass. Super. Sept. 12, 2013) (in car accident case, withholding defendant driver's cell phone records from day of crash was improper). Concerning the sufficiency of plaintiff's response "that he has no such documents in his possession, custody, or control," as stated above, "[t]he term 'control' includes the legal right of the producing party to obtain documents from other sources upon demand." See Quinones, supra. Because, presumably, plaintiff may obtain his own telephone phone records from his provider, plaintiff is in "control" of the requested information. Accordingly, this portion of defendants' motion is granted, and plaintiff is directed to provide the materials requested in Document Request # 18 no later than May 13, 2016.[4]

Economic Loss

The final category of materials sought in this motion are those pertaining to plaintiff's alleged economic loss. Defendants requested such materials in Document Requests # 10-12, to which plaintiff offered the same response as that stated above, and Interrogatory # 9, in response to which plaintiff provided several figures ("and counting") expended on medical care, as well as a quizzical "$8 months and counting" concerning lost wages. Docket # 41-4 at p. 3.

---

[4] In the alternative, plaintiff may provide authorizations permitting defendants to obtain these materials.

6

The requested items plainly are within the scope of discovery, and plaintiff's responses are just as plainly inadequate. Plaintiff's past and future lost earnings cannot accurately be computed without documentation of his prior wages and related employment information; defendants' requests # 11 and 12 speak directly to these matters. See, e.g., Madrid v. Don Kelly Const., Inc., No. 12 Civ. 0451, 2013 WL 1897826, at *11 (D.N.M. Apr. 24, 2013) ("[Plaintiff] has put his income at issue here, by asserting claims for past and future lost wages and benefits, lost income, and loss of earning capacity from the alleged discrimination; thus, his personal income tax returns are discoverable."); Darden v. AT&T Corp., No. 14 Civ. 1198, 2015 WL 4993986, at *2 (E.D. Mo. Aug. 19, 2015) ("Indeed, because Plaintiff has alleged the loss of past and future earnings, information regarding her employment history is relevant to her claims.") (citing Barsamian v. City of Kingshurg, No. 07 Civ. 00316, 2008 WL 2168996, at *3 (E.D. Cal. May 22, 2008)). Likewise, plaintiff's responses as to the amount spent on medical care and other economic losses must be supported with corresponding documentation. See, e.g., Alfridawi v. Switzer, No. 02 Civ. 1659-M, 2002 WL 31370479, at *1 n.8 (N.D. Tex. Oct. 18, 2002) (medical bills are "discoverable facts that pertain to the amount of [plaintiff's] damages"). And, the rationale stated above for the insufficiency of plaintiff's "not in possession" response applies with equal force here. Accordingly, plaintiff is directed to supplement his response to Document Requests # 10, 11, and 12 and Interrogatory # 9 no later than May 13, 2016 to include: (1) all documents, including pay stubs, tax documents and other evidence of employment and compensation for the five years prior to the incident; (2) copies of all medical bills for treatment received in connection with this incident; and (3) documentation and explanation of any other economic losses plaintiff seeks to recover in this action.[5]  Per Fed. R. Civ. P. 37(b)(2)(A)(ii), if plaintiff fails to comply with any

---

[5] In the alternative, plaintiff may provide authorizations permitting defendants to obtain these materials.

portion of this directive, the court will entertain a motion to preclude at trial evidence to support the alleged damages corresponding to same.

Defendants' Motion # 43

Defendants' second motion seeks further responses to several of their Requests for Admissions ("Requests"), which concern factual issues such as whether plaintiff is aware of any witnesses to the accident and where he was looking at the time of impact. See generally Docket # 43.

Fed. R. Civ. P. 36(a)(1) permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." The Rule "serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Advisory Committee Notes, 1970 Amendment. Of particular significance here, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "Reasonableness [of a party's inquiry] cannot simply be ascertained absent a brief description of the inquiry made." Iantosca v. Benistar Admin Servs., Inc., No. 08 Civ. 11785, 2012 WL 220224, at *2 (D. Mass. Jan. 24, 2012). Similarly, "[m]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery." Old Reliable Wholesale, Inc. v. Cornell Corp., No. 06 Civ. 02389, 2008 WL 2323777, at *1 (N.D. Ohio June 4, 2008) (quoting U.S. Commodity

Futures Trading Comm'n v. Am. Derivatives Corp., No. 05 Civ. 2492, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007)).

In response to Requests no. 3, 7, and 21, plaintiff has stated, without more, that he "is currently without sufficient information, knowledge or belief to admit or deny" and/or that the requests are overly broad, vague, and ambiguous. See Docket # 43. As discussed, these responses are inadequate. However, while Requests # 3 and 21 are proper, Request # 7 is not. It seeks an admission or denial of the proposition that "Amoah's responses to discovery requests served by the defendants are the complete and full responses of Amoah without any need for supplementation." This calls to mind the statement in Glenwood Farms, supra, that "[p]arties have a continuing obligation to supplement their responses to discovery requests as new information becomes available and circumstances change. There is no need for the court to order a party to meet this obligation." 228 F.R.D. at 52; see also Fed. R. Civ. P. 26(e).

Accordingly, the portion of defendants' motion concerning Request # 7 is denied and the portion concerning Requests # 3 and 21 is allowed. See, e.g., Taleyarkhan v. Purdue Univ., No. 10 Civ. 39, 2013 WL 771803, at *4 (N.D. Ind. Feb. 28, 2013) (where, as here, party (1) "made a blanket objection that [the] requests for admissions . . . are vague, over broad, and unduly burdensome" and (2) did not respond to motion to compel, court wrote it "cannot accept Purdue's broad, boilerplate objections without further explanation of why the information sought is not subject to discovery" and ordered party to submit complete responses). In accordance with the guidelines described above, plaintiff is directed to supplement his responses to Requests # 3 and 21 no later than May 13, 2016.

Request # 9 requires somewhat less analysis. Defendants have asked for an admission as to whether plaintiff challenged the citation that was issued to him, to which plaintiff has objected

on attorney work product grounds. This objection is a nonstarter. "The [attorney work product] privilege protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party." State of Maine v. U.S. Dep't of Interior, 298 F.3d 60, 66 (1st Cir. 2002). Request # 9 seeks no such information, and accordingly plaintiff is directed to supplement his response to Request # 9 no later than May 13, 2016.

Finally, Requests # 13 and 14 seek, respectively, information about where plaintiff was looking at the time of the accident and whether he saw defendants' tractor-trailer prior thereto. In response to Request # 13, plaintiff repeats his boilerplate "overly broad, vague, ambiguous" objection, which as noted, is improper. See, e.g., Old Reliable Wholesale, Inc., supra. He also states, without exposition, that this request calls for a legal conclusion; this objection likewise is without merit, as Request # 13 concerns a straightforward question of fact. See, e.g., Bramante v. McClain, No. 06 Civ. 0010, 2007 WL 102314, at *2 (W.D. Tex. Jan. 8, 2007) (plaintiffs' "legal conclusion" objection improper where "interrogatories seek specific information about the [plaintiffs'] claims" and "[plaintiffs'] response to the motion to compel does not explain why they believe those two interrogatories call for legal conclusions."). Plaintiff therefore is directed to supplement his response to Request # 13 by May 13, 2016.

Plaintiff's objection to Request # 14 is slightly more substantial, stating the Request is overly broad in its phraseology that plaintiff "did not see the Tractor Trailer at any time prior to impact of the Incident." While the Request's intent likely can be gleaned from context, its phrasing is somewhat inartful, and accordingly plaintiff's objection is sustained. However, the Request otherwise seeks information "relevant to any party's claim or defense and proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1). Accordingly, plaintiff is directed to inform defendants by May 13, 2016 whether, at any time after he began driving on the date of the incident and prior

to plaintiff's SUV striking the cement barrier on Route 290 West, plaintiff saw defendants' tractor trailer.

Motion # 46

Plaintiff also has submitted a discovery motion, three preliminary aspects of which are noteworthy. First, the motion was filed after the close of fact discovery without any justification for the delay. See Docket #37. Second, it lacks a Rule 7.1 Certification indicating that plaintiff "conferred and ha[s] attempted in good faith to resolve or narrow the issue[s]" in the motion. See Local Rule 7.1(a)(2); see also Local Rule 37.1. And relatedly, a brief review reveals the motion to seek at least some materials already produced by defendants. Taken together, these factors compel denial of plaintiff's motion.

Initially, "litigants are not authorized to bypass deadlines." Berio-Ramos v. Flores-Garcia, No. 13 Civ. 1879, 2015 WL 9169678, at *2 (D.P.R. Dec. 11, 2015) (citing cases); see also Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) (denying motion to compel filed after fact discovery deadline); Flynn v. Health Advocate, Inc., No. 03 Civ. 3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (citing some of the "[m]any courts [that] have stated that Motions to Compel filed after the discovery deadline are untimely").

Further, Local Rule 7.1(a)(2) makes clear that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." As recently explained by the court in Martinez v. Hubbard, No. 09 Civ. 11431, 2016 WL 1089227 (D. Mass. Mar. 18, 2016),

> [a] Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well.

11

Id. at *6.  Plaintiff's motion is a prime example for the necessity of Rule 7.1 certifications.  For example, the motion seeks McKinney's driver qualification file (and in particular his medical examination certificate), which defendants have represented (and their exhibits appear to confirm) already was produced.  See Docket # 46-2 at p. 66, Docket # 47 at p. 8, Docket # 47-1.  In this instance, a Rule 7.1 conference presumably would have served to narrow the issues in dispute and thereby "preserve[] scarce judicial resources."  See Martinez, 2016 WL 1089227, at *6.

Accordingly, plaintiff's motion is denied without prejudice.[6]  Plaintiff is granted leave to refile his motion by May 13, 2016.  Any such refiling must include (1) a Rule 7.1 certification and (2) an explanation for why the initial motion was not filed until after the close of fact discovery.

## CONCLUSION

In accordance with the foregoing:

- Defendants' motion (Docket # 41) is allowed in part and denied in part;
- Defendants' motion (Docket # 43) is allowed in part and denied in part; and
- Plaintiff's motion (Docket # 46) is denied without prejudice.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[6] Despite plaintiff's dilatory filing, his motion was submitted only four days after the close of discovery. Cf. Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) (denying motion filed one month late).