**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NANA AMOAH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 4:14-40181-TSH** |
| | ) | |
| DENNIS MCKINNEY and | ) | |
| SMITH TRANSPORT | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**July 14, 2016**

**ORDER ON MOTION TO COMPEL AND ORDER TO SHOW CAUSE**

Hennessy, M.J.

The plaintiff in this automobile accident case Nana Amoah ("plaintiff") seeks an order compelling certain discovery from defendants Dennis McKinney and Smith Transport (collectively, "defendants"). See Docket # 89. Defendants have opposed the motion and in their opposition moved for reasonable attorneys' fees and costs. See Docket # 93. Plaintiff has submitted a reply. See Docket # 103. Plaintiff seeks two categories of materials: (1) responses to several requests for production of documents; and (2) a further deposition from a Smith Transport employee. For the reasons set forth herein, plaintiff's motion is denied.

**Category I**

The first category of discovery Plaintiff seeks to compel requires little discussion beyond a review of this matter's relevant procedural history. In an amended scheduling order, District Judge Hillman ordered the parties to complete fact discovery by November 9, 2015. See Docket

# 37.  On November 13, 2015, four days after the fact discovery deadline, Plaintiff filed the first iteration of the present motion to compel.  See Docket # 46.  In addition to being late, plaintiff's motion lacked a Rule 7.1 certification.  This court effectively excused plaintiff's late filing by denying the motion without prejudice and permitting plaintiff "to *refile* his motion by May 13, 2016."  See Docket # 82 at p. 12 (emphasis added).  But plaintiff did no such thing, instead taking the liberty to file a motion that largely seeks to compel different documentary materials than those sought in the original motion this court authorized him to refile.  Compare Docket # 46 at pp. 9-10 (listing as the "Request[s] at issue" document requests No. 11, 17, and 20) with Docket # 89 at pp. 11-14 (listing as the "Request[s] at issue" requests No. 7 and 19).

Before the court, therefore, is not a refiling of the original motion curing the failure to include the mandatory Rule 7.1 certification, but (except as noted and discussed below) a new motion seeking to compel discovery outside the scope of the original motion this court authorized plaintiff to refile.  This new motion was filed six months after the discovery deadline Judge Hillman had ordered.  Thus, to the extent plaintiff's motion seeks materials not sought in his original filing, the motion is denied as untimely.  See Berio-Ramos v. Flores-Garcia, No. 13 Civ. 1879, 2015 WL 9169678, at *2 (D.P.R. Dec. 11, 2015) ("[L]itigants are not authorized to bypass deadlines.") (citing cases); see also Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) (denying motion to compel filed after fact discovery deadline); Flynn v. Health Advocate, Inc., No. 03 Civ. 3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (citing some of the "[m]any courts [that] have stated that Motions to Compel filed after the discovery deadline are untimely").

The only item which arguably survives the foregoing dismissal for untimeliness is Request # 20 for Production of Documents.  Even this finding requires a generous reading of plaintiff's

discovery filings: at best, plaintiff's original request—which seeks, obliquely, "[e]lectronic and digital records, specifically metadata for PDF documents"—overlaps with materials sought in the instant motion.  <u>Compare</u> Request # 20 for Production of Documents <u>with</u> Docket # 89.  In any event, the court finds that defendants have provided materials sufficiently responsive to this request.  <u>See</u> Docket # 47-13; <u>see also</u> Docket # 47 at p. 2 n.3 (explaining that the attached exhibit comprises "sample pages of some of these reports and computer system screenshots for context and illustrative purposes. Many of the complete reports exceed a hundred pages.").  Thus, even treating this request as timely, it is denied.  Plaintiff has not shown why the materials provided are insufficient to satisfy defendants' discovery obligations.  The portion of plaintiff's motion seeking further documentary discovery therefore is denied as untimely or without substantive merit.

**Category II**

In both the original motion to compel and the instant "refiling," Plaintiff has sought a further deposition of a Smith Transport witness to testify about the company's electronically-stored information ("ESI").[1]  Plaintiff's argument essentially is that the prior deposition failed to address "how Smith Transport ESI is generated and used; what is it; where and how is it transmitted and received, stored, and backed-up; when and how data is destroyed; and how data can be accessed and retrieved."  <u>See</u> Docket # 89 at p. 10.  Plaintiff avers this information is necessary to support a forensic expert's declaration.  <u>Id.</u>  As support, plaintiff attaches a single page from the Rule 30(b)(6) deposition transcript of Smith Transport witness David Redline.  <u>See</u> Docket # 89-6.  Plaintiff takes issue with Mr. Redline expressing an "elementary understanding" of Smith Transport's electronic control module, despite speaking with numerous people in preparation for his deposition.  <u>See</u> <u>id.</u>

---

[1] The court notes that even here, the portions of plaintiff's motions seeking this discovery are not identical.

Plaintiff's argument fails.  First, by attaching a single page of the deposition transcript, plaintiff offers no meaningful context for Mr. Redline's purported lack of knowledge concerning one discrete question.  In fact, what that single page does reveal is that the answer at issue was immediately followed by plaintiff's counsel changing subjects to Mr. McKinney's employment file, rather than pursuing the line of inquiry he now deems so crucial.[2]

Finally and most significantly, plaintiff has not shown this request to be

> relevant to [his claims] and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  For example, plaintiff's reply takes issue with Mr. Redline's inability to testify about "the technical specifications of how the company's voicemail worked or the names of the backroom servers."  See Docket # 103 at p. 8.  The court fails to see how such information is either relevant, proportional to the needs of this case, or important to resolving the issue of which party was responsible for the accident which is the subject of this suit.  Accordingly, the portion of plaintiff's motion seeking a further deposition is denied.

**Defendants' Motion for Reasonable Attorneys' Fees and Costs**

Lastly, defendants' opposition seeks costs and fees, a request which the court finds to have some merit.  As noted, plaintiff's current motion asks for discovery not sought in the prior submission.  Plaintiff plainly has taken liberties with the limits of this court's order permitting him to refile.  See Docket # 82 at p. 12.

------------------------------

[2] Plaintiff's reply includes several more selected pages from Mr. Redline's transcript, see Docket # 103-16, none of which changes the court's calculus.

4

This is significant for three reasons.  First, plaintiff's actions have forced defendants to defend two distinct discovery motions, both of which, it bears repeating, were filed after the close of discovery.  Second, the purpose of permitting Plaintiff to refile was to force his compliance with the requirements of Local Rule 7.1 and Fed. R. Civ. P. 37(a) that a motion include a certification that the parties have conferred in good faith to resolve or narrow their dispute.  Even with respect to the instant motion, it is unclear whether Plaintiff complied with this certification.  While true that plaintiff's motion includes a boilerplate certification of compliance, defendants' opposition avers that the extent of plaintiff's efforts to resolve or narrow the issues in dispute was an email sent shortly before the filing of plaintiff's motion in which plaintiff's office advised that it had attempted to call defendants' counsel and that it planned to refile its motion.  See Docket # 93-2.  Plaintiff's reply does not address this contention, and in fact suggests that this email indeed represents the entirety of plaintiff's efforts toward compliance.  See Docket # 103-1 at ¶ 12.  If true, this not only fails to discharge plaintiff's obligation to confer, but also supports the imposition of sanctions.[3]

Third, plaintiff's actions reflect not only a failure to comply with a court order, but perhaps even an attempt to mislead this court.  Rule 11 requires that no motion be "presented for any improper purpose" and that all claims therein are warranted, as well as allows for sanctions for

---

[3] To be clear (and as previously instructed, see Docket # 82 at pp. 11-12), the certification is neither routine nor devoid of significance.  As the district court noted in Martinez v. Hubbard, No. 09 Civ. 11431, 2016 WL 1089227 (D. Mass. Mar. 18, 2016),

> [a] Local Rule 7.1 certification is not an empty exercise.  Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources.  Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well.

Id. at *6.

noncompliance.  See Fed. R. Civ. P. 11; see also Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (District courts are afforded "considerable leeway in the exercise of [their] authority to punish noncompliant litigants.") (citing Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002)); Local Rule 83.6.4(b).  At best, plaintiff's motion disregards a court order and has forced defendants to perform unnecessary double duty.  At worst, it betrays an attempt to deceive the court.  In either event, the motion falls within Rule 11's proscriptions and therefore, sanctions may be proper.  See, e.g., Top Entm't Inc. v. Ortega, 285 F.3d 115, 119 (1st Cir. 2002) (sanctions imposed where party "willfully disobeyed the district court, and then compounded their problems by misleading the court"); Edwards v. Groner, 124 F.R.D. 605, 609-10 (D.V.I. 1989) (imposing sanction of costs and fees incurred to defend against "vexatious and frivolous motions" which violated Rule 11).

Accordingly, plaintiff is ordered to show cause before this court at 10:00 AM on August 2, 2016 why he should not be sanctioned—in the form of defendants' costs and fees for the defense of the instant motion—for the practices described above.  Plaintiff may submit by July 22, 2016 a memorandum, not to exceed three double-spaced pages, as to why sanctions are not warranted. Defendants may submit, within five business days of receipt of plaintiff's memorandum, an opposition of the same length.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion to compel discovery (Docket # 89) is denied with prejudice.  Further, plaintiff is ordered to show cause why this court should not impose sanctions in connection with the instant motion.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE